**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **FELICIA M. PICKETT JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 06-0821-WS-B** |
| | ) |
| **MOBILE COUNTY SHERIFF** | ) |
| **DEPARTMENT,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the Mobile County Sheriff's Department's Motion to Dismiss (doc. 34), the Mobile County Personnel Board's Motion to Dismiss (doc. 38), and the Mobile City Council Office's Motion to Dismiss (doc. 42). All three motions are ripe for disposition at this time.[1]

**I.    Background.**

Plaintiff Felicia M. Pickett Johnson, proceeding *pro se*, initiated this action on November 29, 2006 by filing a Complaint (doc. 1) against the Mobile County Sheriff's Department, the Mobile City Council Office, and the Mobile County Personnel Board. The Complaint couches plaintiff's claims as being for breach of contract, but also references a laundry list of conclusory theories, to-wit: "civil violations, punitive damages, damages proximately caused by breach damages, compensatory damages, lost property, incurred expenses, restitutionary obligations, negligence, wantonness, fraud, purgury [*sic*], Quasi-Contract, discrimination, binding the principle [*sic*], defense of prevention." (Complaint, at 2.) The Complaint also makes passing, jumbled mention of plainly irrelevant terminology, characterizing this action on one breath as one of "Federal statutory interpleader" and in the next as being predicated on "Quasi in rem

---

[1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

jurisdiction." (*Id.*)  The Complaint does not identify the contract at issue or describe how it was breached, except to state that such contract was "between City of Mobile, Mobile County Sheriff Office, The Mobile County Personnel Board, and State of Alabama." (*Id.* at 1-2, 5.)

After stripping away the obviously inapplicable jargon, a plain reading of the Complaint reflects that Johnson seeks relief for certain occurrences in 2000 and 2001 when she was employed as a Records Specialist in the warrants division of the Mobile County Sheriff's Department in the old Mobile County Courthouse.  Johnson alleges that she sustained "[d]iscrimination in 2000" when a white co-worker was permitted to use the supervisors' bathroom while Johnson (who is black) was not; that she was discriminated against in November 2000 when a white co-worker was provided better security on his shift than she was provided on her shift; that she suffered from a hostile environment and that defendants were negligent in November 2000 when two intruders entered her office without being escorted by security while she was working alone; that she was subjected to a hostile environment and negligence when a "black male suspect" trespassed into her office areas at 2:00 a.m. on November 21, 2001 while she worked alone; that defendants profited from a "quasi-contract" by requiring her to work eight-hour shifts without scheduled lunches or breaks; that defendants wantonly assigned insufficient workers to her shift, causing injuries to her feet, hands and arms; that the Sheriff's Department failed to act on her requests for resolution of discriminatory practices; and that plaintiff was somehow harmed when defendants "purchased a new facility with cooling and heating systems, and other amenities." (Complaint, at 2-5.)  In her *ad damnum* clause, Johnson requests various categories of relief, including $2 million in damages and ownership of property located at 109 Government Street in Mobile, Alabama (the former address of the old county courthouse building, which was demolished in 2005).  (*Id.* at 6.)

In a nutshell, then, Johnson contends that she was subjected to discriminatory treatment while employed by the Mobile County Sheriff's Department in 2000 and 2001 because there was insufficient security in the building, she was not able to use the bathroom she wanted, and the Sheriff's Department failed to take sufficient corrective action in response to her complaints. Johnson also seeks relief for the security problems based on theories of negligence and wantonness, and further asserts that she was not given sufficient work breaks and that staffing was inadequate.

-2-

## II.     Relevant Legal Standards.

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. As the Supreme Court recently observed, while a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). The rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Bell Atlantic*, 127 S.Ct. at 1964).

In their Rule 12(b)(6) Motions, two defendants (Mobile City Council and Mobile County Personnel Board) submit affidavits and other evidentiary materials outside the scope of the Complaint. Under Rule 12(b), Fed.R.Civ.P., whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.* Thus, "[w]henever a judge considers matters outside the pleadings in a Rule 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002).[2] A court converting a Rule 12(b) motion into a Rule 56 motion in this fashion

---

[2]     *See also Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."); *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1237 (11th Cir. 2004) (observing that district court was required to treat motion to dismiss as a motion for summary judgment where both court and parties relied on documents outside

-3-

must give the parties 10 days notice of the contemplated conversion to allow them to supplement the record.  *See Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532 (11ᵗʰ Cir. 1990); *Trustmark*, 299 F.3d at 1267 ("The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record."). The Eleventh Circuit has applied these requirements stringently, and has insisted on scrupulous compliance by district courts.  *See Jones*, 917 F.2d at 1533-35 (reversing district court for failure to comply with notice requirement, and explaining that it is of "utmost importance" that litigants be notified of transformation of motion to dismiss, and that notice requirement "serves as a valuable procedural safeguard"); *Trustmark*, 299 F.3d at 1367 ("This Circuit has consistently interpreted the notice rules strictly.").  After careful review, the Court excludes those extraneous evidentiary submissions and declines to convert these Motions into motions for summary judgment.  At this time, it would be inappropriate to perform such a conversion, inasmuch as this action is in its infancy and the parties are ill-equipped at this early stage of the proceedings to present all the evidence that would be required for a proper Rule 56 review.[3]

 Furthermore, the Court notes that Johnson appears herein without the representation of counsel.  The law is clear that "[a] document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S.Ct. at 2200; *see also Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11ᵗʰ Cir. 2002) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")

---

pleadings).

 [3] *See*, *e.g.*, *Moss v. W&A Cleaners*, 111 F. Supp.2d 1181, 1185 (M.D. Ala. 2000) (declining to convert Rule 12(b)(6) motion to Rule 56 motion based on finding that it would be more appropriate to enter a scheduling order and allow the parties to conduct discovery); *Grillo v. John Alden Life Ins. Co.*, 939 F. Supp. 685, 686 (D. Minn. 1996) (disregarding affidavits submitted with motion to dismiss because "the court concludes that the parties are in no position to present all material pertinent to a motion for summary judgment"); *701 NPB Associates v. Federal Deposit Ins. Corp.*, 779 F. Supp. 1336, 1338 (S.D.Fla. 1991) (declining to consider affidavit based on determination "that it is inappropriate at this stage of the proceedings to convert Defendant's motion to dismiss into a motion for summary judgment"); *Griswold v. Alabama Dept. of Indus. Relations*, 903 F. Supp. 1492, 1494 (M.D. Ala. 1995) (declining to convert motion to dismiss into motion for summary judgment).

(citation omitted).  That said, nothing in that leniency would excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure.  *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").  Moreover, the leniency to which *pro se* litigants are entitled "does not give a court license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**III.    Analysis.**

   **A.    *Plaintiffs' Claims against Mobile City Council Office.***

   Nothing in the Complaint states any factual basis for Johnson's claims against the Mobile City Council Office.  The Complaint does not allege that this entity employed her.  The Complaint does not allege facts suggesting or tending to show that the Mobile City Council Office had control over, or was in any way responsible for, her working conditions or the security arrangements during the evening or night shifts in the warrant division of the Mobile County Sheriff's Department in 2000 and 2001.  The Complaint does not allege facts tending to show the existence of any contract involving the Mobile City Council Office that would extend enforceable rights or legal protections of any kind to her.

   Furthermore, because the Complaint is confined to events that occurred in 2000 and 2001, and because there is no indication of any circumstances that might support equitable tolling, Johnson's claims against this defendant for employment discrimination, negligence, and wantonness are time-barred even if the Mobile City Council Office did have some factual nexus to the events described in the Complaint.  *See* Ala. Code § 6-2-38)(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("Under Alabama law, claims for negligence are subject to a two-year

statute of limitations."); *Long v. Jefferson County*, 623 So.2d 1130, 1137 (Ala. 1993) ("A negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent.").

In response to Mobile City Council Office's Motion to Dismiss pointing out these clear defects, Johnson mounts three unsuccessful arguments.  First, she contends that her claims are subject to the six-year statute of limitations set forth in Ala. Code § 6-2-34(2) (applying to claims for trespass on real or personal property), § 6-2-34(9) (applying to claims for breach of contract), and § 6-2-34(7) (applying to actions against the sureties of any sheriff, coroner, constable or any public officer).  However, her Complaint does not allege that Mobile City Council Office trespassed on property belonging to her, nor does it assert any cause of action against a surety, so subsections (2) and (7) of § 6-2-34 are plainly inapplicable.  Although the Complaint purports to state a claim for breach of contract, as noted *supra* it does not allege facts tending to show the existence of any contract involving the Mobile City Council Office that would extend enforceable rights to her, nor is there any logical reason to believe that the Mobile City Council would enter into a contract with a Sheriff's Department employee guaranteeing her a work environment free from discrimination and criminal intrusion.  As such, her claims cannot be saved by operation of § 6-2-34(9).

Second, Johnson invokes the "continuing violation" doctrine pursuant to *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).  Of course, a critical feature of the continuing violation doctrine is that at least one wrongful act must have occurred within the relevant statutory limitations period.  *See Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1349-50 (11th Cir. 2007) ("the entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period"); *Center for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) ("The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period."); *see generally LaBauve v. Olin Corp.*, 231 F.R.D. 632, 655 (S.D. Ala. 2005) ("When a tort is deemed continuous, the limitations period runs from the last date the plaintiff was exposed to damages.") (citation omitted).  The Complaint is devoid of any such

allegations, but merely alleges wrongdoing in 2000 and 2001, more than five years before Johnson filed her Complaint.  There being no indication of any wrongful activity occurring in or after November 2004 (two years before the Complaint was filed), the continuing violation doctrine cannot resuscitate her time-barred causes of action.

Third, in an unauthorized Sur-Reply (doc. 51) filed after the Motion to Dismiss had been taken under submission, Johnson attempts to inject the following facts into this litigation for the first time: (1) that the "old Mobile County Court House" where the allegedly discriminatory activity took place belonged to the City of Mobile; (2) that the building lacked OSHA signs stating that "trespassers would be redirected from the warrants divisions"; (3) that a City of Mobile police department employee named Chief Collier "was aware of the continuous hostile environment"; and (4) that a Mobile City Council member "was aware of damages plaintiff suffered in losing her job."  (Plaintiff's Sur-Reply (doc. 51), at 1.)  These new facts are insufficient to defeat the City's Rule 12(b)(6) Motion because a brief is not a proper mechanism for amending the pleadings.  Even if it were, the Court is unaware of any precedent (and plaintiff has cited none) supporting the notion that a defendant may be held liable for a hostile work environment sustained by someone who was not its employee, but who merely worked in a building owned by the defendant.  Simply because a plaintiff works in a building owned by the defendant, simply because the defendant may have knowledge that the plaintiff's employer is subjecting her to a hostile work environment, and simply because the defendant may have knowledge of the plaintiff's injuries does not give rise to any actionable claim for discrimination, nor does it create a breach of a duty of care that might support a claim of negligence.  Even if it did, such claims are still time-barred because they were brought far outside the requisite two-year limitations period.[4]

---

[4]    In finding that these new factual allegations are not sufficient to sustain plaintiff's claims against the City, the Court specifically declines to adopt the City's argument that these new allegations are factually incorrect in that Chief Collier does not work for the City and the old courthouse is not the property of the City of Mobile.  (City's Rebuttal (doc. 52), at 2.)  On a Rule 12(b)(6) motion, of course, the plaintiff's factual allegations are accepted as true, and this Court is not empowered to look behind those allegations to ascertain their veracity.  *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (on a motion to dismiss, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its

For all of these reasons, the Mobile City Council Office's Motion to Dismiss (doc. 42) is due to be, and the same hereby is, **granted**.

>    **B.    *Plaintiff's Claims against Mobile County Personnel Board.***

Defendant Mobile County Personnel Board (the "Personnel Board") has also filed a Motion to Dismiss (doc. 38), predicated on grounds very similar to those identified by Mobile City Council Office.[5]  In particular, much like her claims against the Mobile City Council Office, Johnson does not proffer any factual grounds in the Complaint to support her theory that the Personnel Board might be liable to her in some way for events that occurred while she worked the night shift in the warrant division of the Sheriff's Department in 2000 and 2001.  The Complaint does not allege facts tending to show that plaintiff was ever employed by the Personnel Board.  Nor does the Complaint allege facts tending to show any contract involving the Personnel Board that would extend enforceable rights or legal protections of any kind to her and against the Personnel Board.  Furthermore, the Complaint is limited to events occurring in 2000 and 2001, and no facts are pleaded that might support equitable tolling; therefore, her claims against the Personnel Board for discrimination under Title VII, § 1981 or § 1983, negligence and wantonness are time-barred by straightforward application of the two-year

---

consideration to the pleadings and exhibits attached thereto") (citation omitted).

   [5]      The Personnel Board also seeks dismissal on grounds of res judicata based on evidence that in April 2006, Johnson sued that entity in state court on grounds substantially similar to those presented here (*e.g.*, harsh working conditions, abusive managerial practices, unsafe environment with unlawful intruders, unsecured hostile environment, discriminatory restroom access, lack of scheduled breaks and lunches, lack of investigation of break-in).  The Personnel Board would show that the state court dismissed that lawsuit on July 28, 2006.  Given the Court's determination, *supra*, that defendants' motions would not be converted into Rule 56 motions and that matters outside the pleadings would not be considered, the undersigned will not address the res judicata defense because it rests entirely on materials outside the pleadings.  *See, e.g., Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) ("Res judicata, however, is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)."); *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata.  That doctrine must be pleaded as an affirmative defense.").  Simply put, "a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Concordia*, 693 F.2d at 1075.  Here, it cannot, so resolution of the res judicata defense is premature at this time.

limitation set forth in Ala. Code § 6-2-38(*l*).  These defects lie at the heart of the Personnel Board's Motion to Dismiss.

Faced with these grounds for dismissal, plaintiff filed an untimely opposition brief styled "Plaintiff's Reply to Defendant, Mobile County Personnel Board" (doc. 53).[6]  The basis for plaintiff's opposition is difficult to follow.  First, she requests the Court's indulgence because she is suing defendants via "factitious names and will ask leave of court to amend this complaint to show their true names or capacities" when they become known to her.  (Doc. 53, at 1.)  The concept of fictitious party pleading has no bearing on this Complaint and is not generally permitted in federal court, at any rate.  *See, e.g.,* Rule 10(a), Fed.R.Civ.P. (caption of complaint "shall include the names of all the parties"); 28 U.S.C. § 1441(a); *Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098-99 n.14 (11th Cir. 1992); *Collins v. Fingerhut Companies, Inc.*, 117 F. Supp.2d 1283 n.1 (S.D. Ala. 2000) ("fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure").  Second, Johnson again attempts to shoehorn the causes of action pleaded in the Complaint into the six-year limitations period created by Alabama Code § 6-2-34 by simply setting forth all nine subsections of that statute without showing how her causes of action against the Personnel Board could possibly state a claim on any of those bases.  Third, plaintiff again invokes the *Morgan* continuing violation doctrine, even though her Complaint fails to allege a single wrongful act within the relevant limitations periods, as is necessary to apply that doctrine.

Much of the remainder of plaintiff's brief consists of discussion and rehash of her

---

[6]     The applicable briefing schedule provided that plaintiff's opposition to the Personnel Board's Motion to Dismiss must be filed on or before May 14, 2007.  (*See* Order dated April 25, 2007 (doc. 40).)  Plaintiff neglected to file her opposition brief until July 2, 2007, more than six weeks after the deadline.  She proffered no excuse for her dilatory filing, much less a motion for leave to accept her untimely filing.  Notwithstanding these procedural defects, the Court in its discretion will consider plaintiff's July 2 opposition brief.  Johnson is admonished, however, that failure to comply strictly with Court orders, procedural rules and other deadlines in the future may result in her filings being excluded, notwithstanding her *pro se* status.  Plaintiff is further reminded that simply mailing filings to opposing counsel is not sufficient to render them filed with the Clerk of Court.  Opposing parties are under no obligation to file plaintiff's documents for her; rather, it is plaintiff's sole responsibility to take appropriate steps to ensure proper filing of every motion, brief or other paper that she intends to file with the Clerk of Court.

different causes of action, including her belief that defendants violated Title VII, subjected her to a hostile working environment and harassment (by, for example, spelling her name incorrectly on office materials, mispronouncing her name, and preparing a marriage certificate that spelled her name incorrectly and listed the wrong date), were negligent in making security arrangements at her workplace, retaliated against her when she complained, defamed her character, behaved wantonly, wrongfully terminated her, and (in the case of nonparty Mobile County Commission) committed fraud, as well as a lengthy discussion of the types and amounts of damages sought.[7] If plaintiff's claims are time-barred, then none of this matters.

Plaintiff does not point to any wrongful activities by the Personnel Board that she contends occurred in the two-year period preceding the filing of her Complaint.  She does not allege any facts or circumstances that might warrant equitable tolling of her claims against the Personnel Board.  As such, the only way these claims can withstand Rule 12(b)(6) scrutiny is if she states a cause of action that falls within the 6-year limitations period of Ala. Code § 6-2-34. Plaintiff attempts to do this by insisting that the Personnel Board breached a contract with her. The sole fact on which she relies is the unanimous decision by a Grievance Committee of the Personnel Board on December 27, 2000 recommending that the Sheriff's Department take certain steps to improve working conditions for Johnson, such as furnishing employees with a written policy statement concerning shift assignments, establishing a daily maintenance routine, establishing security procedures for evening and night-shift employees, establishing procedures for handling emergencies for night-shift employees, establishing a policy for distribution of uniforms to employees, and ameliorating heating and cooling problems.  (See Doc. 32, at Exh. 10.)  But these facts are not set forth in the Complaint, so they are irrelevant for purposes of determining whether the Complaint states a cognizable claim for breach of contract.  Even if they had been properly pleaded, these facts neither establish nor imply any contractual

---

[7]     Among the injuries claimed by Johnson are the "[l]oss of self esteem and ability to make contraceptive decisions thus birthing a second child out of wedlock," and among the damages she seeks are "the property and or building which ever one defendant will relinquish to her for punitive damages," apparently referring to the old (and since demolished) Mobile County Courthouse.  (Doc. 53, at 7-8.)

-10-

relationship between Johnson and the Personnel Board.[8]  She has failed to satisfy the minimum pleading threshold of stating facts in her Complaint sufficient to show that she has a breach of contract claim against the Personnel Board that is plausible on its face.  As the Complaint fails to state a cognizable claim for breach of contract, she cannot rely on the six-year limitations period for contract actions under Alabama law to save her claim.  Alternatively, plaintiff attempts to secure a six-year limitations claim by stating a claim against the Personnel Board for trespass. But she cannot sue the Personnel Board for trespass on the ground that "a white male and a black male inmate, unknown to plaintiff, **trespassed** into the plaintiff's office without permission" on November 7, 2000.  (Doc. 53, at 4.)  The Court is aware of no legal theory under which plaintiff could sue the Personnel Board for trespass based on two inmates (who are neither affiliated with nor agents of the Personnel Board) engaging in the criminal act of breaking into the Sheriff's Department's warrants division after hours while plaintiff was on duty.  By plaintiff's own admission, the Personnel Board did not trespass, and no such trespass occurred on property belonging to Johnson.

For all of these reasons, the Court concludes as follows: (1) plaintiff's breach of contract claim against the Personnel Board fails to satisfy minimum pleading standards because the Complaint fails to plead facts sufficient to state a claim for breach of contract that is plausible on its face; (2) plaintiff has not stated a cognizable trespass claim against the Personnel Board; and (3) plaintiff's remaining claims against the Personnel Board are subject to a two-year limitations period and are plainly time-barred.  The Personnel Board's Motion to Dismiss (doc. 38) is **granted**.

### C.    *Plaintiffs' Claims against Mobile County Sheriff's Department.*

Finally, defendant Mobile County Sheriff's Department filed a Motion to Dismiss (doc. 34) on the grounds, *inter alia*, that the Sheriff's Department is not a legal entity subject to suit.

---

[8]       Indeed, Exhibit 10 cannot rationally be viewed as a contract at all.  It contains nothing more than the Grievance Committee's recommendations of certain steps that the Sheriff's Department should take concerning safety and working conditions.  Nothing in Exhibit 10 purports to obligate the Personnel Board (or, for that matter, the Sheriff's Department) to do or refrain from doing anything; rather, these are mere recommendations, which on their face can have no binding effect on anyone.

Plaintiff has not responded to this argument, nor can she do so given the clarity of the law supporting the Sheriff's Department's position on this point. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1215 (11ᵗʰ Cir. 1992) ("Under Alabama law, a county sheriff's department lacks the capacity to be sued."); *accord White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit."). This legal principle is fatal to plaintiff's claims against the Mobile County Sheriff's Department, and that entity's Motion to Dismiss is properly **granted**.

   **D.      Opportunity to Cure.**

   Having determined that all of defendants' motions to dismiss are due to be granted, the question becomes whether the dismissal should take effect at this time or whether Johnson should be given an opportunity to replead her claims. The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11ᵗʰ Cir. 2005). Johnson has not requested such an opportunity here. That omission would be fatal if plaintiff were represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11ᵗʰ Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced whether the *Wagner* rule applies to claims brought by a *pro se* plaintiff, and the Court will assume for purposes of this Order that it does not.[9]

   Even if *Wagner* does not apply and even if a *pro se* plaintiff is generally entitled to leave to amend her complaint *sua sponte*, leave to amend need not be provided where any amendment would be futile. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1073 (11ᵗʰ Cir. 2005); *O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1206 (11ᵗʰ Cir. 2003). In this case, it is evident that any attempt by Johnson to replead her Complaint would be futile. Johnson is attempting to bring obviously stale claims for employment-related discrimination against two defendants that

---

   [9]      To the contrary, the *Wagner* court specifically declined to reach that issue. *See Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding *pro se*.").

never employed her and a third that is not a legal entity subject to suit in Alabama.  All of her

tort claims (discrimination, negligence, wantonness, etc.) are clearly time-barred by a period of

several years and nothing in the facts and circumstances described anywhere in the record

suggests any basis through which plaintiff might overcome that bar.  She obviously cannot state

a cognizable trespass claim based on non-parties breaking into a Sheriff's Department facility.

To the extent that Johnson would bring breach of contract claims, her repeated efforts (both in

pleading her Complaint and filing her briefs) to identify a contract between herself and any of

the defendants that might give rise to any right of action have missed the mark by a wide margin.

At most, plaintiff points to a grievance form in which a Grievance Committee of the Personnel

Board recommended that the Sheriff's Department take certain actions to improve working

conditions and workplace safety in December 2000.  But nothing in those recommendations

could plausibly be construed to create contractual rights for Johnson against any defendant in

this action.  Accordingly, as any amendment would be futile, the Court declines to grant Johnson

an opportunity, *sua sponte*, to amend her Complaint.[10]

IV.   **Conclusion.**

       For all of the foregoing reasons, the Motions to Dismiss (doc. 34, 38, 42) are **granted**,

and the Complaint is **dismissed without prejudice**.  A separate judgment will enter.[11]

       DONE and ORDERED this 9th day of July, 2007.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE

---

[10]       Besides, where, as here, a plaintiff's claims are dismissed without prejudice, any
harm to plaintiff by virtue of not granting her leave to amend her complaint *sua sponte* prior to
such dismissal is attenuated.  *See, e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998)
(dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was
without prejudice); *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982) (dismissal of *pro se*
plaintiff's deficient complaint should be without prejudice to allow leave to refile).

[11]       On July 9, 2007, plaintiff filed a Motion for Permission to Enter Compulsory
Joinder (doc. 54), in which she apparently seeks to join perjury claims against the Mobile
County Commission and/or individual County Commissioners and to attribute a breach of duty
of care to the County Commission with respect to its hiring practices and prevention of a hostile
environment.  Nothing in these new allegations would correct or mitigate the pleading defects
described herein; therefore the Motion for Permission to Enter Compulsory Joinder is **denied**.