IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA M. PICKETT JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0821-WS-B |
| | ) |
| MOBILE COUNTY SHERIFF | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This closed file comes before the Court on plaintiff Felicia M. Pickett Johnson's *pro se* 12-page filing styled "Motion to Courts Order to Supplement, Amend" (doc. 57).

Review of plaintiff's Motion reveals that she is apparently seeking two forms of relief. First, Johnson requests reconsideration of the Order (doc. 55) and Judgment (doc. 56) entered on July 9, 2007, dismissing her Complaint without prejudice because plaintiff's employment discrimination and other civil rights claims were untimely on their face and she failed to state an actionable claim for breach of contract or trespass. Second, Johnson seeks leave to amend her Complaint, post-judgment, to assert § 1983 claims against the Mobile City Council and fraud claims against non-party Samuel Jones, the current Mayor of the City of Mobile. The Court will consider each of these requests in turn.

  **A. Request for Reconsideration.**

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). The law is clear that a party may not properly utilize a motion to reconsider as a vehicle for repeating arguments considered and rejected in the underlying order. *See Gougler*,

370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).[1] Furthermore, it is well established in this Circuit that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F. Supp.2d at 1189; *see also Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).

Johnson's Motion consists almost exclusively of rehashing arguments that were fully considered and rejected by this Court in the July 9 Order; therefore, reconsideration is not appropriate in these circumstances. Even if the Court were to reconsider its ruling on the basis of this Motion, Johnson's contentions simply reinforce the propriety of the dismissal of her claims. For example, she states, "Plaintiff employed [*sic*] as Records Specialist with Mobile County Sheriff Department in 1998 thru 2002." (Doc. 57, at 2.) All of the alleged wrongs for which she seeks to hold defendants liable occurred during that time period, yet Johnson did not file her Complaint until November 2006, well after the expiration of the two-year limitations period applicable to her claims of employment discrimination, negligence, and the like. Johnson states that she "will again clarify that case CV-06-821-WS-B is a civil rights lawsuit filed in Federal Court." (*Id.* at 10.) As the July 9 Order explained, federal civil rights claims brought in Alabama are subject to a two-year statute of limitations. *See, e.g., Morrow v. Town of Littleville*, 576 So.2d 210, 213 (Ala. 1991) ("the only statute of limitations now applicable to a § 1983 claim filed in a court in Alabama, whether that court is a state court or a federal court, is the two-year statute of limitations set out in Ala. Code 1975, § 6-2-38(*l*)"). These claims are clearly untimely.

---

[1] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request by that party.

As she did previously, plaintiff would attempt to save those claims by invoking the continuing violations doctrine, which she correctly summarizes as "providing that [when] an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered." (Doc. 57, at 11.)  *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1281-82 (11th Cir. 2002) ("a hostile work environment claim should be reviewed in its entirety, so long as one of the events comprising it fell within the statute of limitations").  As mentioned, the applicable limitations period for civil rights claims is two years.  But Johnson does not identify a single claim or event relevant to her hostile environment / civil rights claims that occurred within two years before she filed her Complaint in November 2006.  Given her admission that she left the Sheriff Department's employ in 2002, no such event could exist, and the continuing violation doctrine is inapplicable.[2]

Nor is it any answer for plaintiff to attempt to recharacterize her civil rights causes of action as claims for breach of contract or trespass, as to which a longer statute of limitations applies under Alabama law.  Johnson's argument that the grievance committee's recommendations amount to a "written, bilateral and implied contract" (doc. 57, at 2) was fully considered and rejected in the July 9 Order, and will not be addressed anew here.  And plaintiff's attempt to conjure a trespassing cause of action against defendants from the actions of third parties intruding in the office where she worked fails as a matter of law because (a) there was no

---

[2]     The events chronicled in plaintiff's Motion underscore this defect.  She complains that intruders invaded her work space in 2000 and 2001; that a co-worker was allowed to use a supervisor's bathroom in 1998-2000; that plaintiff was forced to remain on duty during hurricane warnings in 1999 and 2000; that she was subject to "excessive paper work, and long working hours" as a Sheriff's Department employee from 1998 to 2002; that she "labored six months under slave conditions in a feudal system, Alabama being an agricultural society in 1998-2002"; that in "2001 co-worker Shantel intentionally started an argument putting her finger in plaintiff's face"; that in 1998 plaintiff's supervisor frequently mis-spelled and mispronounced plaintiff's first name, which "[s]hows a pattern in name spelling"; that "the garage door [*sic*] often broken and left open" during 1998-2002; and that these working conditions "were harmful to women's health, morals, reproductive capabilities, and welfare of their children." (Doc. 57, at 2-7.)  All of these alleged wrongdoings occurred more than four years before the Complaint was filed and well outside the two-year limitations period for civil rights violations; therefore, plaintiff cannot use the continuing violations doctrine to sweep in untimely allegations because she has no timely allegations of hostile work environment to which they may be bootstrapped.

trespass on property belonging to her, and (b) even if there were, there is no allegation that the trespass was performed by defendants (who, in fact, owned the premises where the alleged wrong took place).  Clearly, Johnson has failed to state cognizable claims for breach of contract or trespass; therefore, she cannot rely on such theories to resuscitate her untimely civil rights causes of action.

Finally, Johnson repeatedly asserts in her Motion that she claims entitlement to the tract of real estate in downtown Mobile where the old Mobile County Courthouse once stood.  Plaintiff maintains that she "wants the land where she labored" because "[w]ithout her dedicated production in service to process prisoners paper work and working long hours to maintain the function of the office and protect our public communities then the municiple [*sic*] cooperation [*sic*] would not have benefitted in money to build a new facility."  (Doc. 57, at 7, 9, 10.)  The Court finds that Johnson's claim to ownership of this land is devoid of merit, as a matter of law, and that even if her civil rights claims were permitted to proceed, she would have no viable legal basis to claim entitlement to that land as a remedy for those alleged violations.  A plaintiff cannot gain title to public land simply because she used to work in a public building that once stood at that location, irrespective of how hard she may have worked or how poorly she may have been treated in that building.

For all of these reasons, plaintiff's request to reconsider is **denied**.

      **B.**     **Request to Amend Complaint.**

At the conclusion of her Motion, Johnson requests leave to amend her Complaint to interpose § 1983 claims against the Mobile City Council and fraud claims against Sam Jones.

The liberal Rule 15(a) standard for amending pleadings has no application where a final decision disposing of the entire case on the merits has been entered.  *See Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3rd Cir. 2002) (explaining that liberality of Rule 15(a) "is no longer applicable once judgment has been entered," and that Rules 59 and 60 govern opening of final judgments).[3]  This principle is animated by pragmatic and persuasive considerations.  As one

---

[3]    *See also Building Industry Ass'n of Superior California v. Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001) ("Ordinarily postjudgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b)."); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (Rule 15(a) discretion "narrows considerably after entry of

noted commentator explained, "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the draftsmen of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless." Wright, Miller & Kane, 6 *Federal Practice & Procedure Civ.2d*, § 1489; *see also Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (indicating that, with respect to post-judgment motions to amend, courts must consider interests of protecting the finality of judgments and the expeditious termination of litigation). Plaintiff has identified no viable basis for re-opening these proceedings under Rules 59 or 60; therefore, her request to amend the Complaint following the entry of judgment is without merit.

Even if re-opener were appropriate under the circumstances presented here, the requested amendment must be denied on futility grounds. *See generally Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) (indicating that futility of amendment is among reasons justifying denial of leave to amend under Rule 15(a)). Plaintiff's proposed § 1983 claims against the Mobile City Council fail for the same timeliness defect that defeats her other civil rights claims. And her contention that Jones engaged in fraud by telling her at a January 2002 meeting that he did not "know who was responsible for the property defaults" and by failing to tell her that "the county commission is responsible for authorizing Sheriff Dept. to hire for records specialist position" is clearly barred by the applicable two-year limitations period for fraud claims under Alabama law. *See, e.g., RaCON, Inc. v. Tuscaloosa County*, 953

---

judgment"); *Premo v. Martin*, 119 F.3d 764, 772 (9th Cir. 1997) ("While Rule 15(a) establishes that leave to amend should be 'freely given,' post-judgment motions to amend are treated with greater skepticism than pre-judgment motions."); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) (similar); *First Nat'l Bank of Louisville v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991) (declaring that "the presumption in favor of liberality in granting motions to amend, Fed.R.Civ.P. 15(a), is reversed after judgment has been entered").

So.2d 321, 336 (Ala. 2006) ("A two-year statute of limitations applies to fraud actions.").[4]

In light of the foregoing, plaintiff's request to amend her Complaint to interpose additional claims against the Mobile City Council and to assert new claims against Jones is **denied**.

### C.  Conclusion.

For all of the foregoing reasons, plaintiff's filing styled "Motion to Courts Order to Supplement, Amend" (doc. 57) is **denied**.

DONE and ORDERED this 15th day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] Alabama's two-year limitations period for fraud actions "begins to run when the claimant discovers the fraud." *Id.* There is no indication in plaintiff's filing that she failed to discover the alleged fraud by Jones for more than three years after the statement was made. Moreover, based on review of the minutes of this County Commission meeting (which plaintiff has filed as Exhibits 4, 4A and 5 to document 32 back on April 16, 2007), it does not appear that Jones's statements to Johnson at that meeting were false, much less that she could have relied on any such statements to her detriment, as would be necessary to sustain an actionable fraud claim against him.